

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

BTK:CWE
F. #2021R001008

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 3, 2023

<u>By ECF and Email</u>

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>United States v. Maurice Mizrahi</u>
            <u>Criminal Docket No. 22-504 (DLI) (TAM)</u>

Dear Judge Irizarry:

      The government respectfully submits this letter in advance of the defendant Maurice Mizrahi's sentencing, which is scheduled for August 23, 2023. For the reasons set forth herein, the government respectfully submits that a sentence within the United States Sentencing Guidelines ("Guidelines" or "USSG") range of 15-21 months' imprisonment is appropriate in this case.

    I.    <u>Background</u>[1]

      The New York Police Department ("NYPD") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") conducted an investigation into the defendant's possession and use of explosive devices. The investigation revealed that on August 11, 2010, the defendant was sentenced to two years' custody for a conviction of Attempted Burglary in the Second Degree, a felony punishable by a term of imprisonment of more than one year, in Kings County (Brooklyn) Supreme Court. Additionally, on October 29, 2008, the defendant was sentenced to between one-and-three years' custody for a conviction for Criminal Possession of Stolen Property in the Third Degree, a felony punishable by a term of imprisonment of more than one year, in Kings County Supreme Court.

      On October 24, 2021, at 6:30 pm, the defendant threw an object into the street across from his residence in Brooklyn, New York. The object detonated and emitted a plume of smoke and a flame. Law enforcement agents canvassing the area obtained home video

---

[1] Unless otherwise noted, the facts in this section come from the defendant's March 1, 2023 Pre-Sentencing Report ("PSR"), which was previously filed with the Court.

surveillance from the time of the incident from a home three doors away from the defendant's residence. One surveillance clip depicted a lit object rolling across from the defendant's residence and detonating, and a second clip depicted an argument between two males in the vicinity of the defendant's residence.

On November 2, 2021, law enforcement agents recovered a pipe bomb from the sidewalk across the street from the defendant's residence. On November 4, 2021, the Honorable Cheryl L. Pollack issued a Search Warrant for the defendant's residence. The search revealed components of pipe bombs, fuses-including "quick" fuses, "time" fuses, and "intermediate" fuses, remove controls, end caps, a "nipple," and the components of black powder, including sulfur, potassium nitrate, and coal. Law enforcement also recovered several rounds of ammunition, including at least one round of 9mm Luger caliber ammunition, from a shelf in the basement of the residence.

On November 7, 2022, the defendant was indicted by a Grand Jury sitting in this District with being a felon in possession of ammunition.

On March 29, 2023, the defendant pleaded guilty before Your Honor to a single-count Indictment charging him with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). Additionally, in his Plea Agreement, the defendant stipulated to possessing explosive materials, in violation of chapter 40 of Title 18 of the United States Code.

II.   Applicable Law

The Supreme Court has explained that the Court "should begin all sentencing proceedings by correctly calculating the applicable [Guidelines] range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted). Title 18, United States Code, Section 3553(a) provides, in part, that in imposing sentence, the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed--
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct; [and]
> >
> > (C) to protect the public from further crimes of the defendant.

Section 3553(a) also recognizes the need to afford the defendant opportunities for rehabilitation. See 18 U.S.C. § 3553(a)(2)(D). Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence. The Court must also "remain cognizant of them throughout the sentencing process." Gall, 552 U.S. at 50 n.6.

### III.  Guidelines Calculation

The government agrees with the United States Probation Department's ("Probation") calculation of the defendant's offense level in the PSR, as set forth below:

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(6)) | 14 |
| Stipulated Offense Base Level (§ 2K1.3(a)(4)) | 16 |
| Increase in Offense Level: (U.S.S.G. § 3D1(4)) | +2 |
| Less: Acceptance of responsibility (§ 3E1.1) | -3 |
| Adjusted Total: | 15 |

(PSR ¶¶ 29–50). The adjusted total offense level is 15, which, based on a Criminal History Category of V, carries an advisory Guidelines range of 37 to 46 months' incarceration. Notwithstanding Probation's accurate calculation, for the purposes of this plea, the government stands by its Guidelines calculation in the plea agreement.

### IV.  Argument

The government respectfully submits that a sentence between 15-21 months' incarceration is sufficient, but not greater than necessary, to achieve the goals of sentencing.

#### a.  The Defendant's Criminal Conduct

The defendant's conduct in this case is serious. Quite simply, his possession of ammunition despite knowing that his possession of such dangerous material was prohibited based on his previous felony convictions demonstrates that he has little regard for rules instituted to protect public safety. His failure to lead a law-abiding life was also evident in the numerous violations of pre-trial release that the defendant engaged in before being detained.

The defendant's stipulated conduct is also concerning. He continued to possess explosive materials after having attempted to set off explosive devices a few weeks before his arrest. These explosive devices could have injured or even killed innocent people in his community. Although the government has no evidence that the defendant's conduct is related to terrorism, possession explosive devices is itself a very serious offense, which potentially deadly consequences. As such, the Court must consider public safety when fashioning a proper sentence here.

A 15-to-21 months' sentence is also necessary to ensure proper specific and general deterrence. The defendant has not only broken the law numerous times, but he also broke the Court's trust by his repeated violations of pre-trial release. As such, a Guidelines

3

sentence is necessary to deter the defendant from future criminal conduct and to protect the public by ensuring that he complies fully with Court-imposed and other lawful directives in the future.

V. Conclusion

The government respectfully requests that the Court impose a sentence within the range of 15-21 months' incarceration.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/ Chand E. Edwards-Balfour
       Chand W. Edwards-Balfour
       Assistant U.S. Attorney
       (718) 254-6238

cc:   Clerk of Court (DLI) (via Email and ECF)
      Counsel of record (via Email and ECF)
      U.S. Probation (via Email)